IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KENNETH E. OTUONYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14CV585 |
| | ) | |
| PHYLLIS LILE KING, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Plaintiff Kenneth E. Otuonye ("Plaintiff"), proceeding <u>pro se</u>, commenced this action by filing a Complaint (Doc. 2) on July 14, 2014, against Defendant Phyllis Lile King ("Defendant"). Presently before this court is Defendant's Motion to Dismiss (Doc. 4). This court has carefully considered Defendant's Motion, Defendant's Supporting Brief (Doc. 6) and Plaintiff's Response (Doc. 7). For the reasons stated fully below, this court will dismiss the present action for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

**I.    BACKGROUND**

Plaintiff alleges "fraud" against Defendant stemming from both (1) an alleged payment agreement between Plaintiff and Defendant regarding payment for representation in Case Number

1:13CV76 and (2) a settlement agreement entered into in 1:13CV76.[1] Defendant was Plaintiff's attorney for a portion of the settled action. (Complaint ("Compl.") (Doc. 2) at 3.) Plaintiff alleges that Defendant "gave me some papers containing $22,500 and ask[ed] me to sign . . . [A]fter signed, [she] told me not to tell anybody because it is a secret deal." (Id. at 4.) Plaintiff asks this court to "help me get the money she defrauded from me." (Id. at 5.)

Defendant filed a Motion to Dismiss on July 16, 2014 (Doc. 4) and a Supporting Brief (Doc. 6) on July 25, 2014. Defendant moves this court to dismiss the present action asserting that federal jurisdiction is inappropriate, because there is neither a federal question at issue nor diversity jurisdiction. (Def.'s Mot. to Dismiss (Doc. 4) at 1.) Plaintiff filed his Response (Doc. 7) on August 4, 2014. Defendant's Motion is thus ripe for adjudication.

---

[1] Case Number 1:13CV76 was an employment discrimination and wrongful discharge action filed pro se by Plaintiff Otuonye in the Middle District of North Carolina on January 30, 2013. (1:13CV76 (Doc. 2).) A Notice of Appearance by attorney was filed in that action by current Defendant King on April 30, 2013. (1:13CV76 (Doc. 17).) Case Number 1:13CV76 was reported as settled on June 12, 2013, and a Stipulation of Dismissal was entered on June 21, 2013 (1:13CV76 (Doc. 20)). The present action stems from Plaintiff's claims regarding (1) a payment agreement and (2) the signing of the settlement agreement in Case Number 1:13CV76.

## II. **LEGAL STANDARD**

> When a defendant makes a facial challenge to subject matter jurisdiction, the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration. In that situation, the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction.

Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009) (internal citations and quotation marks omitted). Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level" so as to "nudge[ ] the[ ] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). A claim is facially plausible provided the plaintiff provides enough factual content to enable the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. The pleading setting forth the claim must be "liberally construed" in the light most favorable to the nonmoving party, and allegations made therein

are taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the "requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege any facts [that] set forth a claim." Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004).

When a party is proceeding pro se, that party's filings are "to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). It is important to note that, in the case of a pro se plaintiff, the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint).

### III. **ANALYSIS**

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, federal court jurisdiction stems from either

(1) a federal question or (2) diversity of the parties. "Article III of the Constitution gives the federal courts power to hear cases 'arising under' federal statutes." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 807 (1986). This is federal question jurisdiction. "The general-diversity statute, § 1332(a), authorizes federal court jurisdiction over cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 62 (1996). In addition, for federal diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

In the present action, Plaintiff's pleadings fail to support this court's jurisdiction on either federal question or diversity grounds. First, Plaintiff does not assert a cause of action arising under any federal question or law. Plaintiff specifically asserts:

> I the plaintiff alleged a fraud under Paragraph 1, because of the agreement we had, stating that if she goes to the Court and win[s] the amount I was demanding from my former employer I will pay her by percentage, but if only to settle out of the Court, I will [pay] her [a] couple of hundreds of dollar for finishing what I have already started. [A]lso alleged fraud because I was harassed to sign a paper against my will.

(Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Resp.") (Doc. 7) at 1-2.) Construing the complaint liberally and assuming

Plaintiff's allegations are true, this court finds that Plaintiff's claims are, most likely, contract claims. Plaintiff includes in his first claim, "because of the agreement we had," and bases his cause of action on that agreement. A breach of contract claim that implicates no federal issues is a state law claim. See Heath v. City of Fairfax, 542 F.2d 1236, 1238 (4th Cir. 1976) (finding no federal constitutional issues posed by a simple breach of contract and, therefore, no federal question jurisdiction). The allegation of being forced to sign a paper against his will is also not, in itself, a federal claim.[2] Plaintiff may be able to assert this action as a contract claim of being forced to sign the agreement under duress or force, but such a claim would be a contract claim that belongs in state

---

[2] The agreement that Plaintiff asserts he was "harassed to sign" (Pl.'s Resp. (Doc. 7) at 2) is most likely the settlement agreement from 1:13CV76. In North Carolina, a settlement agreement is a contract. "Whether denominated accord and satisfaction or compromise and settlement, the executed agreement terminating or purporting to terminate a controversy is a contract, to be interpreted and tested by established rules relating to contracts." Simontacchi v. Invensys, Inc., Civil No. 3:05cv283, 2009 WL 426466, at *8 (W.D.N.C. Feb. 19, 2009) (quoting Carter v. Foster, 103 N.C. App. 110, 404 S.E.2d 484 (N.C. App. 1991)). Regardless of whether it was the settlement agreement or some other agreement, Plaintiff does not allege any facts suggesting jurisdiction lies with this court, and an allegation of harassment does not establish federal jurisdiction in and of itself.

court. Because Plaintiff does not assert a cause of action "arising under" federal law, this court does not have federal question jurisdiction over the pending matter.

In addition, there is no diversity jurisdiction in the present action. There is neither evidence nor allegations that both parties are residents of different states. To the contrary, all documentation indicates that both parties are North Carolina residents. (Compl. (Doc. 2); Def.'s Mot. to Dismiss (Doc. 4); Pl.'s Resp. (Doc. 7).) In addition, Plaintiff alleges an amount in controversy of $6,000, well below the statutory amount in controversy requirement of $75,000. (Pl.'s Resp. (Doc. 7) at 3.) In light of these facts, this court finds no basis to support diversity jurisdiction in the present action.

Plaintiff specifically asserts that jurisdiction is proper in this court because, "it is the same court that handle[d] this matter last year." (Id.) The Supreme Court has addressed the issue of federal jurisdiction over state law claims when the state law claims stemmed from allegations against an attorney in a previous action in federal court. In Gunn v. Minton, 568 U.S. ____, 133 S. Ct. 1059 (2013), a plaintiff sued an attorney who represented the plaintiff in a federal patent infringement suit for legal malpractice stemming from the patent infringement

action. In Gunn, the Supreme Court held that, despite the underlying claim being in federal patent law, Texas state court had subject matter jurisdiction over the legal malpractice action. Gunn, 133 S. Ct. at 1068; see also Custer v. Sweeney, 89 F.3d 1156 (4th Cir. 1996) (holding that district court had discretion to decline to exercise supplemental jurisdiction over legal malpractice claim after dismissing ERISA claim because legal malpractice claim is not completely preempted by ERISA and does not incorporate federal law issues substantial enough to create federal-question jurisdiction).

Though the present action is not a legal malpractice claim, the cases addressing whether or not a federal court has jurisdiction over a legal malpractice claim when the underlying action was a federal question are informative. This court finds that, despite federal jurisdiction in Plaintiff's previous action (1:13CV76), and Plaintiff's current claims arising out of alleged actions by Defendant when Defendant was Plaintiff's attorney in that previous action, federal jurisdiction in the present action is inappropriate. Plaintiff's claims do not implicate any federal question making federal jurisdiction under 28 U.S.C. § 1331 improper and there is no diversity jurisdiction under 28 U.S.C. § 1332.

**IV. CONCLUSION**

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 4) is **GRANTED** and that this action is **DISMISSED**.  A Judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay (Doc. 14) is **DENIED AS MOOT.**

This the 21st day of January, 2015.

/s/ William L. Osteen, Jr.
United States District Judge